Shauck, J.
The plaintiffs seek the judgment of this court touching the proper distribution of the estate in their hands. Their intestate was the relict of John G. Deshler, who died January 8th, 1878, intestate, leaving no children or their legal representatives. Upon his death the estate in controversy passed to the intestate of the plaintiffs, pursuant to the provisions of the second and fourth sections of the act regulating descents and distributions. S. & S. 304 and 397. She died without issue February 12,1878, and this property thereupon passed, one-half to her brother and the, legal representatives of a deceased brother, and one-half to the brothers and sisters of John G. Deshler or their personal representatives, pursuant to the provisions of the act of April 11, 1877, supplementary to the act regulating descents and the distribution of personal estates. 74 Ohio L. 81. '
The answer of Louise D. Stembel and others alleges all the facts necessary to entitle them to share in the moiety which passed to the brothers and sisters of John G. Deshler, if his brothers and sisters of the half blood may take with his brothers and sisters of the whole blood. The question indicated is raised by demurrer to their answer.
*585 Although some lexographers, having in mind only the usual relation, have defined brothers and sisters to be offspring of the same parents, other authoritative definitions, the common use of the words by the educated, and judicial decisions, make it clear that brothers and sisters, though of the half blood only, are brothers and sisters; and our statute of descents makes provision for “ brothers and sisters of the half blood.” We cannot say that the defendants are excluded from participation by the language of the supplementary act, considered out of its relation to the other statutory provisions upon the subject.
The statutes in force at the time of the passage of the sup-' plementary act, and long prior thereto, show the policy of the state to be that, excepting real estate ancestral in character, brothers and sisters of the whole blood take to the exclusion of those of the half blood.
It is entirely clear that but for the supplementary act, the whole fund in the hands of the plaintiffs would go to the brothers and sisters of the whole blood of their intestate, to the ex-' elusion of those of the half blood if there were such. That result would be inevitable in view of the provisions of the second and fourth sections of the prior statute; and in the construction of the supplementary statute, the same meaning must be given to the words “ brothers and sisters ” with respect to one moiety as with respect to the other. It is, therefore, implied in the contention of these defendants'that, in passing the supplementary act, the legislature intended to change the former policy with respect to the course of property of this character ; and, not only to limit the amount of the property which should go to the brothers and sisters of the intestate, but to create a new class of takers.
We do not find reason for imputing to the legislature such comprehensive purposes in the passage of the supplementary act. The purpose of that act was simply to limit the portion of the property which should go to the brothers and sisters of *586 the intestate in the cases to which it applies. If the estate in controversy had gone to the brothers and sisters of John G. Deshler upon his death, unquestionably those of the half-blood would have been excluded. No reason is suggested why a different course should be taken by the moiety which passes to them now.
George K. Nash, Powell, Owen, Picketts & Black, Thomas Millikin and E L. Taylor, for the demurrants.

Harrison, Olds & Marsh, contra.

The supplementary statute and the former provisions referred to are in pari materia. A familiar and important rule with respect to such statutes is that they be read together with a view to giving effect to all their provisions if that be possible. This is a general rule, but there is more than the usual propriety in its application to the statures under consideration. The later statute is, by its terms, a supplement to the former, and thus there is declared the legislative intent that consideration shall be given to the earlier statute. Endlich, § 40.
The application of this rule to the statutes under consideration does not seem difficult. The pertinent provision of the supplementary act is that the estate shall pass, “one-half to the brothers and sisters of such deceased husband.” Full effect is given to this provision if the moiety be held to pass to such brothers and sisters in the order established by sections two and four of the former act; that is, to the brothers and sisters of the whole blood or their legal representatives; and, if there be no brothers and sisters of the whole blood or their legal representatives, then to the brothers and sisters of the half blood and their legal representatives.
A majority entertain these views, and the demurrer will be sustained.
Stewart, J., dissents.